UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN LEE WEBER,<br><br>Plaintiff,<br><br>vs.<br><br>P. OFFICER OLSEN, Police Officer at Sioux Falls Police Department, AMANDA, Prosecutor at L.C. Courthouse Lincoln County, MAT THEOPHILUS, Public Defender Lawyer at Tschetter & Adams Law Office, S.F. POLICE DEP., CHIEF OF POLICE, TOMMY SCHILGTS, WALTEN ESTATES APARTMENT MANAG.; S.F.P.D., OFFICE TRAINER; L.C. PROSECUTOR AMANDA, S.F. PROSECUTOR KEITH, ALL AMERICAN TOWING, S.D. PAROLE BOARD, 4 - S.F. OFFICERS, ESTHER WEBER, 41ST AUTO, MINI STORE ALL, E. 41ST; TRAILER PARK MAN. - LETI, S.D.,<br><br>Defendants. | 4:24-CV-04091-CBK<br><br>ORDER |

Plaintiff filed a complaint under 42 U.S.C. § 1983 contending that one or more defendants used excessive force against him, planted evidence, subjected him to double jeopardy, engaged in malicious prosecution, and that his attorney in some unidentified case was incompetent and negligent. He requests relief in the form of "[d]ropp (sic) all charges in S.D," fine one of the defendant officers and "make him a prison Guard," order the appointment of counsel "to sue for the return of my inheritance, my farm which was sold for $150,000 in 1988 by my parents," and $150,000.

Plaintiff, who was in custody at the time he filed his complaint, filed an application to proceed *in forma pauperis* without the prepayment of fees. He has since notified the Court that he is no longer in custody. He was ordered to file a new affidavit of indigency and he did so.

28 U.S.C. § 1915(a)(1) authorizes district courts to allow civil litigants to commence suit without the prepayment of the filing fee. However, other than in criminal cases, "[a]n *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987).

Plaintiff's complaint contains scandalous, inflammatory, and defamatory statements against defendants, specifically in the allegations as to how each defendant was acting under color of state law, a prerequisite for stating a claim under § 1983. Plaintiff describes one or more of the defendants as "vicious," "addicted to meth," "dirty malicious cop," "incompetent," "lazy," "lying," and contends one of the official defendants stole his property in connection with official actions. Such improper personal attacks are entirely irrelevant to any claim in a federal civil rights complaint.

Such statements, if made by an officer of the court, could subject the attorney to discipline for violation of the Rules of Professional Conduct. Sanctions could be imposed under Fed. R. Civ. P. 11. The district court is authorized to strike such matters on its own pursuant to Fed. R. Civ. P. 12(f)(1). "Courts may strike "from any pleading any , , , immaterial, impertinent, or scandalous matter. Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007).

"The decision whether to grant or deny in forma pauperis status is within the sound discretion of the trial court." Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983) (internal citations omitted). The district court possesses discretion to restrict the availability of cost-free access to court under some circumstances. Peck 660 v. Hoff, 660 F.2d 371, 374 (8th Cir.1981). "[J]udicial resources are limited in the short run and need to be protected from wasteful consumption." In re Tyler, 839 F.2d 1290,

1292 (8th Cir. 1988). Defendants have a right to be free from harassing and abusive pleading and this Court has the authority to protect litigants from such behavior. *Id.*

No plaintiff should be allowed to proceed *in forma pauperis* to file scandalous pleadings. This Court will waste no judicial monetary or time resources in this case. Now, therefore,

IT IS ORDERED:

1. Plaintiff's motions, Docs. 2 and 7, for leave to proceed *in forma pauperis*, are denied.

2. Plaintiff's complaint is stricken.

3. This matter is dismissed.

4. Plaintiff's motion, Doc. 8, for the appointment of counsel is denied.

DATED this 18th day of September, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge